# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

sheon arnold

_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

Louis dejoy-postmaster general, u.s.p.s
united states postal services

Do you want a jury trial?

☑ Yes   ☐ No

_____

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

## EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 1/24/19

## I.    PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

sheon                                          arnold

First Name                    Middle Initial        Last Name

1820        sugarThnore ave

Street Address

lakewood                              NJ                        08701

County, City                              State              Zip Code

512 770 0714                          soldi3r3tir3d @ gmall.com

Telephone Number                          Email Address (if available)

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:        Louis dejoy - postmaster general, U.S.P.S.

Name 475 l'enfant plaza,

Address where defendant may be served

washington    dc

County, City                    State                  Zip Code

Defendant 2:

Name

Address where defendant may be served

County, City                    State                  Zip Code

Defendant 3:

_____
Name

_____
Address where defendant may be served

_____
County, City                    State              Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

_____New York    Logistic    division    – united states postal services_____
Name

_____
Address

_____
County, City                    State              Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☑ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☑ race:           _____african - american (negroid)_____

☐ color:          _____

☐ religion:       _____

☐ sex:            _____

☑ national origin:  _____african - american_____

Page 3

☑ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is: _afrian -anarican (negroid)_

☐ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☑ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☑ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☑ Other (may include other relevant federal, state, city, or county law):

| | |
|---|---|
| - NY Constitution (article V) | - 42 u.s.c 1983 |
| - veterans act of 1944 | - 5 u.s.c. 2301 (b)(2) |
| - title 5 u.s.c. | - 5 u.s.c. 2302 (b)(1)(A) |
| - 38 u.s.c. 4214 and §.Q 11521 | - 5 u.s.c. 2302 (2)(A)(11) |
| | - 5 u.s.c. 2302(i)(a) |
| - "Rule of three" and vetran pass overs | - 5 u.s.c. 2302 (4) |
| - title xIII of home land security act | - 5. us.c. 2302(11)(a)(b) |
| - jobs for veterans' act | |

Page 4

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☑ did not hire me

☐ terminated my employment

☑ did not promote me

☐ did not accommodate my disability

☐ provided me with terms and conditions of employment different from those of similar employees

☐ retaliated against me

☐ harassed me or created a hostile work environment

☐ other (specify): _____

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

— See attached !(- B. Facts)
employment discrimination - said claim due both institutionalized discrimination and intentional (deliberate) discrimination. by devices... habit; routine practice, prohibited personnel practices, unlawful employment practices, civil rights act of 1964, as well as, various federal/state laws and/or statute which were violated. Such devices led to the loss of employment opportunities and benefits. Such devices displayed tendencies to exclude and/or deprive oneself of promotions.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

B. facts

# cover sheet

arnold, s.

1820 swarthmore ave.

lakewood, nj. 08701

soldi3r3tir3d@gmail.com

**employer: u.s.p.s. (united states postal service)**

**complaint: workplace discrimination**

dear sir / ma'am,

this note is to inform all concerned parties of the "institutionalized discrimination" portrayed, as well as, the "intentional (deliberate) discrimination" committed against said individual, within the workplace.

my ein...02046930. i'm african-american, and a combat veteran;

whom of which served in the U.S. Army.

i have a gut feeling that some sort of employment discrimination had taken place.

although, not certain... in any case, such a feeling needs to be bought up and not fester.

such feeling needs to be addressed with both candor and grace. now, i do not tolerate other people's personal problem(s) under pretext... i'd rather "forth with." and not be meant to shoulder any burden.

now, here... the systemic routines and the human behavior distincts treatment of consideration towards oneself when such action and/or agency consist of blatant neglect. this infused with a notion of influencing an action in which to restrict... my having any employment opportunity for advancement within the organization will ultimately result to exclusion and/or rejection.

herein... such actions are purposeful, as well as, subjective. said actions are known to be both unlawful employment practice which limits employment in any way which would deprive or tend to deprive oneself of employment opportunities and prohibited personnel practice which agency official(s) shall not take or fail to take, recommend, or approve a personnel action if doing so would violate a veterans' preference. such actions are... in violation of ones'... legal rights. the... Civil Rights Act of 1964 (Title VII) which is unlawful to discriminate or tend to discriminate in any aspect of employment(promotion). said employment discrimination demonstrates having the tendency to exclude and/or deprive oneself of employment opportunity. this by passing over for promotion/advancement. such actions... are... in violation of ones'... legal rights!!

*one'...tried to ascertain some sort of disconnect involving the job application process. my conclusion is to the conduct mentioned; whereas, one' have been affected. following, such conclusion my senses are clear. there is potentially a pattern of employment discrimination and/or employment bias. when one' began to notice e-career* **"patterns of conduct."** *the organization beared habitual practice and a tendency in which to exclude oneself from advancement/promotion opportunities!! this was the repeated rejections for advancement/promotion opportunities, then...reposting (2 or more times) of those advancement/promotion opportunities, and subsequent... cancellation of those advancement/promotion opportunities. such pattern and practices... have deprive oneself of advancement/promotion opportunities within the organization.*

*such patterns and practices have a... contemptuous nature. this is an infringement of ones'... legal rights.*

*herein... there are identifiable occasions which were collected over period of time, and analyzed in order to notice* **habits; routine practices (rule 406).** *such habits; routine practices, and violation(s) of federal/state laws and statutes have led to the incomprehensible tendencies in which to deprive and/or exclude ones' advancement within this organization.*

*these past months (40+) on u.s. postal services e-career site one' has applied for entry level management employment opportunity(s) with the intention of advancement and/or progressing within the organization but, the systemic routine and the human behavior of habit; routine practices, and total disregard for ones' legal rights have led to the exclusion of... and the prohibiting of said chance(s).*

*herein... this claim set forth due unjust practices of employment against a individual, a citizen, and a retired combat veteran.*

*therefore... call to action.*

*federal and state laws/statute*

*civil rights act of 1964(title vii)*

*-prohibits any aspect of employment discrimination*

*-prohibits other discriminatory practices... national origin*

*-42 u.s.c. 1983*

*-5 u.s.c. 2301 (b)(2)*

*-5 u.s.c. 2302 (b)(1)(A)*

*-5 u.s.c. 2302 (2)(A)(ii)*

*article v ny constitution*

*-appointment and promotion in the civil service of the state and all the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as, practicable, shall be competitive*

*veterans' preference act*

*-veterans' preference act of 1944*

*-title 5 u.s.c.*

*-38 u.s.c. 4214 and executive order 11521*

*-"Rule of Three" and veteran pass overs*

*-title xiii of homeland security act*

*-jobs for veterans' act*

*over a period of time, one' began to question oneself as to such cause behind said treatment, these are circumstances or questions from my afterthought:*

*- was it my race*

*- was it my qualifications*

*- why was i rejected*

*- why is the position(s) still being advertised*

*- why are they still pursuing applicants*

*- were their expectation(s) not satisfied*

*during, these past years (40+ mos.), i've submitted various applications to u.s. postal service employee site...e-career. in search of entry level management opportunities, and over these past months there has been rejection after rejection.*

*this particular application made it through process step.*

*this application is in search for:*

### *Job # 10234935*

### *Supv. Distribution Operations (SDO) – New York, NY*

### *Non-Scheduled Days: Wedn. / Thurs.*

### *Salary Range: 72,459 – 82,550 USD*

*this started with a, "telephonic interview." in order to narrow down the probable list of candidates for a staff position. basically, conducting a question filled conversation pertaining to the position's qualifications and requirements. the telephonic interview infused with a "structured interview" which allows predetermined questions in a set order. said line of questions consisted of eight to ten (8-10) inquires. those questions in amounts: two (2) decision-making, one (1) employee focus, six (6) operations management.*

*following, the interview it had been clearly stated to the satisfaction with said interviewee's feedback. the interviewer mentioned that he'd be in touch regarding the above employment opportunity. still, no additional information has been noted and/or received. months past since the interview and similar advancement opportunity(s) were posted.*

*the interviewer initially seemed elated saying, "i couldn't wait to speak with you... i saw your application." after which there was hesitation in his speech having heard my tone of voice and mild response. The telephonic interview meant to gauge candidates for a perspective job offer turned out as a question of the interviewers' motives.*

*THE JOB POSTING # 10234935 FOR SUPERVISOR DISTRIBUTION OPERATIONS AT N.Y.C. LOCATION IN DISTRICT ONE (1)... CANCELLED!*

*by all accounts... the interviewer's perception and enthusiasm may've been... misplaced. otherwise... meant with disillusion and let down. his actions were opposite of his initial response. and so, him... averse, as well as, disinclined... acted on his devices. as a result, of the interviewer's reluctance; one was passed over for a promotion.*

**Civil Rights Act of 1964 [Title VII-National Origin]**

**"Rule of Three" and Veterans Passed Over**

**5 u.s.c. 2302(1)(a)**

**5 u.s.c. 2302(b)(2)**

*transcribed... below are approximated employment opportunities sort*

*out while in search of entry level management positions using the*

*u.s. postal services site... e-career.*

*each listed position shares title(s) and location(s):*

<u>*Supervisor Distribution Operations (SDO)*</u>

<u>*New York, NY-District One (1)*</u>

<u>*Salary Range: 75,310 – 95,319 USD*</u>

*10720308*

*10720310*

*10720456*

*10720487*

*10635010*

*10666775*

*10666718*

*10316096*

*10321763*

*10331686*

*10339107*

*10344900*

*10234935\**

*10234938*

*10373898*

*10378170*

*10868504*

*10868500*

*10845768*

*18016659*

*10373833*

*10331686*

*10321763*

*10316096*

*10439315*

*10446383*

*10428063*

*10434014*

*10447389*

*10434000*

*10451839*

*during, these past years (30+ mos.) this institution has posted for hire approximately*

*30+ entry level management positions... Supv. Distribution Operations (SDO).*

*this application made it through process steps.*

*this application in search of entry level management advancement opportunity:*

*Supervisor Transportation Operations; Job Number 95454967.*

*this job posting # 95454967 which involves a more common type interview known as a **"one-on-one interview."** This tends to be employee driven but a candidate meant to ask questions at the end. Such interview was **"structured and situational"** in order to gauge a candidate experience and domain knowledge.*

*the interviewer mentioned "how would one' conduct driver's evaluation" which warranted the response "on the road evaluation." After which he said "if a traffic violation occurred during evaluations... what would one' do" which warranted the response "stop the driver at a safe point, mention the infraction(s) observed, and continue evaluation."*

*he said "no one has ever had such response... that's right."*

*the interviewer ended without questions, notes satisfaction with interviewee's responses, and promise of a selection decision by close of business (c.o.b.). still, months later... rejected/non-selection.*

*THE JOB POSTING # 95454967 FOR SUPERVISOR TRANSPORTATION OPERATIONS AT N.Y.C. LOCATION IN DISTRICT ONE (1) ... WENT TO A CANDIDATE WITH LESSER RATINGS... WHOM OF WHICH WASN'T HIRED!!*

*AFTER WHICH JOB # 95454967 ... REJECTED/NON-SELECTION... IT WAS TO BE*

*JOB # 10310467 ... LATER... CANCELLED!!*

*herein... unjust and unlawful hiring decision the employer/agency failed to adjudicate ones'... veterans' preference. by doing so, passed over a veteran... whom of which was more* **capable and available**. *one' possessed stronger qualifications/requirements and best ratings amongst other candidates. also, employer/agency may've used a selection criterion which has discriminatory tendency, and is not consistent with business necessity. thus, the* **underrating** *of oneself by the employer/agency has led to the violation of... legal rights. legal rights...constitution of the united states. and so, has demonstrated disparaging treatment leading to the obstruction and/or hinderance of ones' advancement/promotion within this organization. such treatment has the tendency to exclude and/or deprive one' of fair and equal employment. and as such, one' was passed over for a promotion.*

*Civil Rights Act of 1964[Title VII]*

*"Rule of Three" and Veterans Passed Over*

*5 u.s.c. 2302(1)(a)*

*5 u.s.c. 2302(4)*

*5 u.s.c. 2302(11)(a)(b)*

*5 u.s.c. 2301(b)(2)*

*having applied for entry level management opportunity... been interviewed... then, told of the interviewer's satisfaction... and, a decision by close of business...instead, months later:*

*rejection / non-selection.*

*Job# 95454967*

**Supervisor Transportation Operation (STO) – New York, NY**

*afterwards, the similar position had been... canceled.*

**Job # 10310467**

**Supervisor Transportation Operation (STO) –New York, NY**

*herein are various entry level management job postings which were applied for using e-career during some past years (40+ mos.)*

**Supervisor Transportation Operation (STO)/**

**Supervisor Logistics Operations (SLO)**

**New York, NY-District Two (2)**

**Salary Range: 81,319 – 95,310 USD**

**(r)11587632(mo/rotating, 00-0830)**

*10894682(th/fr, 23-0730)*

*11124210(th/fr, 23-0800)*

*10651121(th/fr, 23-0800)*

*10582797(th/fr, 23-0800)*

*16077303(sa/fr, 22-0630)*

*10905081(sa/fr, 22-0630)*

*10830396(sa/fr, 23-0800)*

*10651193(we/th, 15-0000)*

*10584670(we/th, 15-0000)*

*10992824*

*10995750*

*10802751*

*10802637*

*10775201*

*10658487*

*10657799*

*10677386*

*10318335*

*10845164(sa/su, 15-2330)*

*10677353(sa/su, 15-2330)*

*10826159(sa/fr, 07-1600)*

*10677355(sa/su, 07-1530)*

*10677351*

*10677352*

*10678702(th/fr, 1130-20)*

*10326930(?)*

*\*10310467(?)*

*10296734(mo/tu, 0730-16)*

*10975263(mo/tu, 07-1530)*

*10254504(?)*

*10369686(?)*

*10677358*

*10775360*

*10942727*

*10905506*

*10831052*

*10826156*

*10775272*

*11587630(su/mo,12-2330)*

*during, these pasts years (40+ mos.) this institution has posted for hire approximately*

*40+ entry level management positions... Supervisor Transportation Operations (STO)/ Supervisor Logistic Operations (SLO).*

*here... one' began to notice e-career displaying conduct of pattern. the organization's system practice/pattern bear's habit; routine practice. this is the deliberate and repetitive practice by a person or organization in complete control of the circumstances under which the practice occurs. such behavior... this is the rejection of advancement/promotion opportunity(s), the reposting (2 or more times) of advancement/promotion opportunity(s), and the subsequent... cancellation of advancement/promotion opportunity(s). such actions go to the propensity witnessed by which this organization is accused.*

*there have been various applications which were submitted into the u.s. postal services employee site... e-career. this... to move forward into an entry level management position in order to achieve advancement within the organization.*

*thus, having sort u.s. postal services site... e-career in search of other entry level management postings.*

*Job # 10318335 (canceled)*

*Supervisor Transportation Operation (STO) – Flushing, NY*

*Job # 10300774 (rejection)*

*Supervisor Transportation Operation (STO) –Flushing, NY*

*here... having applied for entry level management opportunity in order to progress within this organization by means of promotion, only to be meant with a behavioral pattern of frequent repetition that displays itself in regularly followed practice/pattern. this is... rejection, reposting (2 or more times), and subsequent... cancellation(s) of those entry level management opportunities for promotion/advancement. such course of treatment been occurring continuously over these past months (40+).*

*transcribed... below are approximate employment opportunities sort out*

*while in search of entry level management postings using e-career.*

*each listed position shares title (s) and location (s):*

<u>*Supervisor Transportation Operation (STO)/*</u>

<u>*Supervisor Logistic Operations (SLO)*</u>

<u>*Flushing, NY-District Two (2)*</u>

<u>*Salary Range: 81,319 – 95,310 USD*</u>

*10905506(th/fr, 0030-09)*

*10845380(th/fr, 0030-09)*

*10992824(th/fr, 01-0930)*

*11588855(su/mo, 22-0700)*

*114999731(su/mo, 22-0630)*

*11690397(we/th, 22-0630)*

*10658487(we/th, 22-0630)*

*10777521(sa/su, 2330-08)*

*10589612(tu/we, 23-0730)*

*10823618(su/mo,14-2230)*

*10826172(sa/fr, 14-2230)*

*11707472(tu/we, 14-2230)*

*10657799(?)*

*10587600(tu/we, 15-2330)*

*10677386(sa/su, 16-0300)*

*115887767(su/mo, 06-1500)*

*11688210(su/mo, 06-1500)*

*10300774(?)*

*10285556(?)*

*10318335(?)*

*during, these past years (40+ mos.) this institution has posted for hire approximately 20+ entry level management positions... Supv. Transportation Operations (STO)/ Supervisor Logistic Operations (SLO).*

**Civil Rights Act of 1964[Title VII]**

**"Rule of Three" and Veterans Passed Over**

**5 u.s.c. 2302(1)(a)**

**5 u.s.c. 2302(4)**

**5 u.s.c. 2302(11)(a)(b)**

**5 u.s.c. 2301(b)(2)**

*in this case, employment applications were set forth for consideration of hire. such hire... meant a promotion(internal). said applications are repeatedly rejected. such result has uncovered unjust and discriminatory mistreatment. such treatment of oneself through unequal consideration is both unfair and indirect methodology for institutionalized discrimination.*

*below are approximated employment opportunities sort out while in search of entry level management posting using e-career.*

*each listed position(s) shares title(s) and location(s):*

*Supervisor Transportation Operation (STO)/*

*Supervisor Logistic Operation (SLO)*

*Jersey City, NJ - NDC*

*Salary Range: 81,310-95,319 USD*

*11656837(mo/tu, 2230-07)*

*11500191(tu/we, 2230-07)*

*10677351(we/th, 2230-07)*

*11500192(th/fr, 2230-07)*

*10677352(th/fr, 2230-07)*

*11691626(sa/fr, 2230-07)*

*(r)11508796(mo/tu, 2330-07)*

*10775360(su/mo, 1430-23)*

*11508795(tu/we, 1430-23)*

*10677350(we/th, 1430-23)*

*10710501(we/th, 1430-22)*

*10677357(th/fr, 1430-23)*

*(r)11392653(tu/we, 1430-23)*

*(r)11631732(tu/we, 1430-23)*

*\*10856799(we/th, 1030-2230)*

**Supervisor Transportation Operations (STO)/**

**Supervisor Logistic Operations (SLO)**

**Kearny, NJ**

*10802751(su/mo, 2230-07)*

*10802637(sa/su, 06-1430)*

*10775201(th/fr, 23-0730)*

*10433091*

## Supervisor Transportation Operations (STO)/

## Supervisor Logistic Operations (SLO)

### Teterboro, NJ

*10805000(tu/we, 20-0430)*

*10677358(tu/we, 20-0430)*

*11053470(tu/we, 20-0500)*

*10995750(tu/we, 08-1630)*

*during, these past years (40+ mos.) this institution has gone unchecked.*

*this institution has posted for hire... in excess amount of eleven hundred (1,100) employment opportunities for advancement/promotion. employment opportunities for a staff position which includes increase of benefits. during these past months (40+) various applications were set forth to be considered for hire. said-applications were meant with pattern of conduct. pattern of conduct with the tendency to exclude and/or deprive oneself of any employment opportunity(s) for promotion/advancement within this organization. then, system's practice/pattern displayed* **"habit; routine practices."***(rule 406)*

*such... habit; routine practice... have a... contemptuous nature!*

*this is an infringement of ones'... legal rights.*

**Civil Rights Act of 1964(Title VII)**

**"Rule of Three" and Veterans Passed Over**

**5 u.s.c. 2000e-16**

**NY Constitution (Article V)**

### *the origin of this complaint (testimony)*

*-this complaint (1c-631-0214-22) of workplace discrimination started with a previous complaint (1b-112-0054-19, pg.55) of workplace discrimination.*

*the previous complaint started with (1) job posting # 10234935 (pg.29) which involved* ***"telephonic interview."*** *this in order to narrow down the probable list of candidates for a staff position. basically, conducting a questions filled conversation pertaining to the position's qualifications and requirements. The telephonic interview infused with a "structured interview" which allows predetermined questions in a set order. said line of questions consisted of eight to ten (8-10) inquires. those questions in amounts: two(2) decision-making, one(1) employee focus, six(6) operation management.*

*the interviewer initially seemed elated saying "i couldn't wait to speak with you...i saw your application." After which there was hesitation in his speech having heard my response. the telephonic interview method meant to gauge candidates for a perspective job offer turned out as a question of the interviewers' motives.*

*THE JOB POSTING # 1234935 FOR SUPERVISOR DISTRIBUTION OPERATIONS AT NYC LOCATION IN DISTRICT ONE(1)... CANCELLED!*

*this(2) job posting # 95454967(pg.33) which involves a more common type interview known as a* ***"one-on-one interview."*** *this tends to be employee driven but a candidate meant to ask questions at the end. Such interview was* ***"structured and situational"*** *in order to gauge a candidates experience and domain knowledge. The interviewer mentioned "how would one' conduct drivers evaluation"... which warranted the response "on the road evaluation." After which he said "if a traffic violation occurred during evaluations... what would one' do"... which warranted the response "stop the driver at a safe point, mention the infractions observed, and continue evaluation."*

*he said "no one has ever had such response... that's right."*

*the interviewer ended without questions, notes satisfaction with interviewee's responses, and promise of a selection decision by close of business (c.o.b.)... months later... rejected.*

*THE JOB POSTING # 95454967 FOR SUPERVISOR TRANSPORTATION OPERATIONS AT NYC LOCATION IN DISTRICT ONE(1)... WENT TO A CANDIDATE... WITH LESSER RATINGS... WHOM OF WHICH WASN'T HIRED!!*

*AFTER WHICH JOB NUMBER # 95454967...REJECTED...IT WAS TO BE JOB POSTING # 10310467...LATER... CANCELLED!!*

*this (3) job posting # 10318335(pg.35)... CANCELLED...IT WAS TO BE JOB POSTING # 10300774... LATER...REJECTED!! BOTH POSTINGS SUPERVISOR TRANSPORTATION OPERATIONS AT FLUSHING LOCATION IN DISTRICT TWO(2).*

Arnold, Shean
pinel

1/3

*THE PREVIOUS CASE # 1B-112-0054-19…DROPPED…DUE… FURTHER EVALUATIONS AND/OR ASSESSMENTS OF FUTURE JOB POSTINGS. THUS… CONCLUDING…MOST JOB OPPORTUNITIES FOR ADVANCEMENT WHICH WERE REJECTED… WERE REPOSTED (2-3 times)… SUBSEQUENTLY CANCELLED.*

*HENCE…THE COMPLAINT… CASE # 1C-631-0214-22. WHICH BARES 100+ JOB POSTING…UNCONSCIONABLE!*

*said case was meant with*

*\*there are 2 or 3 supervisors transportation operations(STO)/supervisor logistic operations(SLO)…per tour…there are 3-eight(8) hours tour within a 24 hours period. that… is …six(6) to eight(8) supervisor transportation operations(STO) positions. below are job postings…per location:*

*New York Logistics Division*

*district one(1)-nyc:*

*-supervisor transportation operations (40+ job postings)*

*-supervisor distribution operations (30+ positions)*

*district two(2)-flushing:*

*-supervisor transportation operations (20+ job postings)*

Arnold, Shean
p.

2/3

herein... said case (1c-631-0214-22) received a summary judgement... due to lack of facts supporting claim(s)... workplace discrimination. such judgement was challenge due to "relevance" of evidence cited by respondent, as undisputed facts. (rule 46)

-affidavit: the absence of said form was due to recourse on behalf of eeoc personnel, investigator and colleague(s).

first, the <u>original</u> complaint document was drastically altered... which undermined said complaint as a whole. the complaint was a document meant to furnish specifically those habits and/or practices of the institution...mainly, those job opportunities which were applied for...rejected... reposted (2 or 3 times)... and/or subsequently cancelled.

second, such alteration of complaint documents made one' doubt case success. said sentiments were conveyed...only to bestow... another change. this prolonged the receipt of any documents needed. the affidavit forwarded contained information which were unrecognizable... this unacceptable. having underwent numerous changes...one' could not trust their changes. such changes made it seemingly impossible in the preponderance of facts set forth in the case.

third, mention of changes... consequently, only led to more... changing. this change was meant to preserve the case point(s)... by use of later job postings. these postings would serve as reference in support of claim(s)... giving to... repeated postings at various locations, as well as, explaining said... situation.(pg 140)

-job postings(3): the present of said jobs are due to... hasty recourse on behalf of eeoc personnel, investigator and colleague(s).

first, these jobs were gathered... "in a hurry." what seemed practical... is just the opposite. as a result, presumed facts of this case... unrecognized... obtained in a manner... questionable, and prepared falsely. those three (3) job postings weren't part of the original list. such facts cannot prove/disprove claims on account... said claim is mainly, those job opportunities which were applied for... rejected... reposted(2 and 3 times)... and/or subsequently cancelled. (job# nb11039774, nb10966120, nb10955687... false evidence)

thus, request(s)... due... lack of evidence. request(s) because of... "the questionable manner facts were introduced." also... those three (3) jobs are unrecognizable as facts supporting main claim of job opportunities which were applied for... rejected... reposted(2 and 3 times)... and/or subsequently cancelled. those 3 jobs "cannot prove/disprove claims as to the propensity analyzed" by which this case was to be... filed. (-this due... "manner said facts were introduced" as well, due... "said facts cannot prove/disprove claims as to the propensity witnessed" by which the organization in this case is accused. and as such, label argument/evidence- inadmissible.)

Arnold, Sheon
p.
3/3

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☑ Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    _____

☐ No

Have you received a Notice of Right to Sue from the EEOC?

☑ Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    _____

When did you receive the Notice?    _____

☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☑ direct the defendant to hire me

☐ direct the defendant to re-employ me

☑ direct the defendant to promote me

☐ direct the defendant to reasonably accommodate my religion

☐ direct the defendant to reasonably accommodate my disability

☑ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here):

- back pay / retro pay $328,000 ⁰⁰ approximate amount of loss and benefits due adverse action on account employment discrimination and/or violation of legal rights.
- any punitive and/or compensitory damages due such claim.
- back pay / retro pay of loss opportunities and benefits.

Page 6

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

21 Jun 24

_____
Dated

_____
Plaintiff's Signature

Sheon
_____
First Name                    Middle Initial

arnold
_____
Last Name

1820    swarthmere ave
_____
Street Address

Lakewood                    NJ

98701

_____
County, City                    State

_____
Zip Code

512 770 0714
_____
Telephone Number

soldi3r3ELr3d @ gmail.com
_____
Email Address (if available)

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☑ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Sheon Arnold, a/k/a
Theo B.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Field Areas and Regions),
Agency.

Appeal No. 2024000526

Hearing No. 520-2023-00203X

Agency No. 1C-631-0214-22

DECISION

On October 12, 2023, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's October 10, 2023 final order concerning his equal employment opportunity (EEO) complaint alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

ISSUE PRESENTED

Whether the EEOC Administrative Judge properly issued summary judgment in favor of the Agency regarding Complainant's claim that he was subjected to discrimination based on race, and/or national origin when he was not selected for a number of supervisory positions.

BACKGROUND

At the time of events giving rise to this complaint, Complainant worked as a Mail Handler at the Agency's Lakewood Station in Lakewood, New Jersey.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                              2024000526

On August 17, 2022, Complainant filed an EEO complaint alleging that the Agency discriminated against him on the bases of his race (African American) and national origin (not specified) when between March and May 2022 he was not selected for numerous[2] EAS positions, including Job #NB 11039764 Supervisor Transportation Operations, New York, NY; Job #NB 10966120, Supervisor Transportation Operations, New York, NY; and Job #N13 10955687, Supervisor Transportation Operations, New York, NY.

At the conclusion of the investigation, the Agency provided Complainant with a copy of the report of investigation and notice of his right to request a hearing before an EEOC Administrative Judge (AJ). Complainant timely requested a hearing. Over Complainant's objections, the AJ assigned to the case granted the Agency's August 28, 2023 motion for a decision without a hearing and issued a decision by summary judgment on September 18, 2023. Specifically, the AJ found that the Agency's management witnesses articulated legitimate nondiscriminatory reasons for not granting Complainant an interview for any of the positions when Agency officials explained that Complainant consistently scored "0" when answering questions about his Knowledge, Skills, and Abilities (KSAs). None of the selectees for the various positions scored "0" when answering questions about their KSAs, and the selecting officials stated they were chosen because their qualifications were deemed to be superior to those of Complainant. The AJ further found that several other applicants also scored "0" and, like Complainant, none of them were given interviews either. Finally, the AJ found that Complainant provided no evidence showing that his qualifications were "plainly superior" to those of the selectees, and failed to establish that the Agency's articulated reasons for its actions were pretextual.

The Agency subsequently issued a final order adopting the AJ's finding that Complainant failed to prove that the Agency subjected him to discrimination as alleged.

The instant appeal followed.

<u>CONTENTIONS ON APPEAL</u>

In his statement in support of his appeal, Complainant, who is representing himself in this matter, generally alleges that he was subjected to both "institutional" and "intentional" discrimination with regard to his non-selection for several supervisory positions. He also summarily reviews some of the evidence of record.

---

[2] Complainant listed 17 positions on his formal complaint, but the Agency determined that his EEO Counselor contact was untimely with regard to all but the three mentioned above and notified Complainant that the accepted issues would include just those three.

3                                                          2024000526

## STANDARD OF REVIEW

In rendering this appellate decision, we must scrutinize the AJ's legal *and* factual conclusions, and the Agency's final order adopting them, de novo. See 29 C.F.R. § 1614.405(a) (stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review . . ."); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9, § VI.B. (Aug. 5, 2015) (providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo). This essentially means that we should look at this case with fresh eyes. In other words, we are free to accept (if accurate) or reject (if erroneous) the AJ's, and Agency's, factual conclusions and legal analysis – including on the ultimate fact of whether intentional discrimination occurred, and on the legal issue of whether any federal employment discrimination statute was violated. See id. at Chapter 9, § VI.A. (explaining that the de novo standard of review "requires that the Commission examine the record without regard to the factual and legal determinations of the previous decision maker," and that EEOC "review the documents, statements, and testimony of record, including any timely and relevant submissions of the parties, and . . . issue its decision based on the Commission's own assessment of the record and its interpretation of the law").

## ANALYSIS AND FINDINGS

The Commission's regulations allow an AJ to issue a decision without a hearing upon finding that there is no genuine issue of material fact. 29 C.F.R. § 1614.109(g). EEOC's decision without a hearing regulation follows the summary judgment procedure from federal court. Fed. R. Civ. P. 56. The U.S. Supreme Court held summary judgment is appropriate where a judge determines no genuine issue of material fact exists under the legal and evidentiary standards. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). In ruling on a summary judgment motion, the judge is to determine whether there are genuine issues for trial, as opposed to weighing the evidence. Id. at 249. At the summary judgment stage, the judge must believe the non-moving party's evidence and must draw justifiable inferences in the non-moving party's favor. Id. at 255. A "genuine issue of fact" is one that a reasonable judge could find in favor for the non-moving party. Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988). A "material" fact has the potential to affect the outcome of a case.

An AJ may issue a decision without a hearing only after determining that the record has been adequately developed. See Petty v. Dep't of Def., EEOC Appeal No. 01A24206 (July 11, 2003). We carefully reviewed the record and find that it is adequately developed. To successfully oppose a decision without a hearing, Complainant must identify material facts of record that are in dispute or present further material evidence establishing facts in dispute. Here, Complainant failed to provide an affidavit during the investigation and on appeal, he has not identified any material facts in dispute.

4                                                              2024000526

Where, as here, complainant does not have direct evidence of discrimination, a claim alleging disparate treatment is examined under the three-part test set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under this analysis, a complainant initially must establish a prima facie case of discrimination by presenting facts that, if unexplained, reasonably give rise to an inference of discrimination, i.e., that a prohibited consideration was a factor in the adverse employment action. See St Mary's Honor Center v. Hicks, 509 U.S. 502, 507 (1993); Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); McDonnell Douglas 411 U.S. at 802. Next, in response, the agency must articulate a legitimate, nondiscriminatory reason for the challenged actions. See Burdine, 450 U.S. at 253-54; McDonnell Douglas, 411 U.S. at 802. Finally, it is complainant's burden to demonstrate by a preponderance of the evidence that the agency's action was based on prohibited considerations of discrimination, that is, its articulated reason for its action was not its true reason but a sham or pretext for discrimination. See Hicks, 509 U.S. at 511; Burdine, 450 U.S. at 252-53; McDonnell Douglas, 411 U.S. at 804.

The officials who reviewed the applications for the three positions[3] averred that candidates were provided eight questions regarding their KSAs and that the responses were graded from 0 to 3 for each question. The questions were:

1. Knowledge of dispatching and scheduling for fleet operations.
2. Ability to supervise a workforce, employee and contractor, engaged in transporting mail.
3. Ability to plan and adjust routes and schedules to ensure efficient and timely movement of mail, including adjustments to meet emergency needs.
4. Ability to inspect vehicles for proper utilization and safety.
5. Ability to investigate safety and traffic law incidents.
6. Ability to provide training and orientation to employees and contractors.
7. Ability to resolve scheduling issues with customers and postal operations personnel.
8. Ability to monitor transportation operations, including arrival/departure data, vehicle utilization and availability, and maintenance schedules, and take action to optimize operations.

The officials who reviewed the applications further averred that Complainant consistently scored "0" when answering questions about his KSAs because he did not address how his past experience and training showed that he met all eight factors.[4] Moreover, like all the other applicants who scored a 0 for any of the questions, he was not considered for an interview. Evidence developed during the investigation confirms that no applicant who scored a "0" on their KSAs received an interview. These applicants were varied by race and national origin.

---

[3] Five of reviewing officials (three identified as African American or Black and two as Asian) were interviewed during the EEO investigation and all provided consistent testimony.

[4] The record shows Complainant submitted the identical application for each of the three positions.

2024000526

The Agency having articulated legitimate nondiscriminatory reasons for its actions, the burden shifts back to Complainant to establish, by a preponderance of the evidence, that the Agency's reasons were not its true reasons, but were pretexts for discrimination. See Hicks; Burdine; McDonnell Douglas. Following a review of the record we find that Complainant has failed to meet this burden.

We note that in non-selection cases, a complainant may demonstrate pretext by showing their qualifications are plainly superior to the qualifications of the selectee. See Wasser v. Dep't of Labor, EEOC Request No. 05940058 (Nov. 2, 1995); Bauer v. Bailar, 647 F.2d 1037, 1048 (10th Cir. 1981). In the instant case, however, Complainant did not provide an affidavit during the investigation. Furthermore, neither in his formal complaint nor on appeal does Complainant address the relative qualifications of himself and those of the selectees and thus he has not shown his qualifications are plainly superior. Instead, Complainant states in his formal complaint that he "had a gut feeling that some sort of employment discrimination had taken place" which is insufficient to establish that the Agency's articulated reason for its action is a pretext. On appeal, Complainant makes reference to "institutional discrimination" and "systemic racism" and contends that he has unsuccessfully applied for "400+" positions and that three quarters of the positions were "reposted (2 and 3 times) . . . and/or subsequently cancelled." However, beyond these bare assertions, Complainant has not established that his race or national origin played any role whatsoever in the decisions made.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we find that Complainant has not shown that discrimination occurred, and we AFFIRM the final order.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0124.1)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration.**

6                                                    2024000526

A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition.  See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit their request for reconsideration, and any statement or brief in support of their request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit their request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507.  In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period.  See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP).  See 29 C.F.R. § 1614.403(g).  Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files their request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request.  **Any supporting documentation must be submitted together with the request for reconsideration.**  The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances.  See 29 C.F.R. § 1614.604(f).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0124)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision.  If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you.

7                                                    2024000526

**You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

March 19, 2024
Date

8                                          2024000526

## CERTIFICATE OF MAILING

**For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was provided to the parties.** I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Sheon Arnold
1820 Swarthmore Ave.
Lakewood, NJ  08701
Via U.S. Mail


U.S. Postal Service (Field Areas and Regions)
NEEOISO - Appeals
U.S. Postal Service
Via FedSEP


March 19, 2024
Date

_____
Intake, Communication and Enforcement Division