UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHEON ARNOLD,

                              **Plaintiff,**                    24-CV-04814 (GHW)(SN)

       -against-                                      **ORDER**

LOUIS DEJOY, et al.,

                              **Defendants.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

       On December 11, 2024, the Court held a telephone conference in this matter. Defendants indicated that they intend to file a motion to dismiss and a motion for summary judgment. Defendants may file their motions as a single brief not to exceed 25 pages by January 9, 2025. Plaintiff is directed to oppose the motions or, in the alternative, file an amended complaint by February 10, 2025. If Plaintiff opposes Defendants' motions, Defendants are directed to file a reply brief by February 24, 2025. If Plaintiff files an amended complaint, Defendants must answer or otherwise respond to the complaint by February 24, 2025.

       Plaintiff is advised that an amended complaint would replace his initial complaint. When deciding the motion to dismiss, the Court cannot consider any facts alleged in the opposition brief that are not also alleged in the most recently filed complaint. O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229 (S.D.N.Y. 1989) ("[T]he Complaint cannot be amended by the briefs in opposition to a motion to dismiss."). For that reason, if Plaintiff chooses to file an amended complaint instead of filing opposition to Defendants' motion to dismiss, that amended complaint should include all relevant facts and claims.

The Court recommends that Plaintiff, proceeding *pro se*, contact the City Bar Justice Center's ("CBC") Federal *Pro Se* Legal Assistance Project for guidance with drafting either an opposition to the motion to dismiss or an amended complaint. CBC's Clinic can be reached at 212-382-4794. Additional information is attached. The Court also recommends that Plaintiff review the attached document titled "How to Oppose a Motion" for further guidance.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         December 12, 2024

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN COURTHOUSE
500 PEARL STREET
NEW YORK, NEW YORK 10007

PRO SE OFFICE                                                                                                          RUBY J. KRAJICK
Room 230                                                                                                                 Clerk of Court

## HOW TO OPPOSE A MOTION

A motion is a formal written request asking the Judge to decide an issue in the case. If a motion is filed in your case, you should decide whether you agree or disagree with the relief sought in the motion. If you disagree, you should oppose the motion in writing.

Two motions commonly filed by defendants are motions to dismiss and motions for summary judgment. If either of these motions are granted in their entirety, your case will be dismissed, and you will not have a trial. What follows are instructions on how to oppose such motions.

## HOW TO OPPOSE A MOTION TO DISMISS

In a motion to dismiss, the defendant argues that, even if everything you allege in your complaint is true, there are legal defects that require the Court to dismiss your complaint (for example, the allegations in your complaint do not state a constitutional violation). See Fed. R. Civ. P. 12(b). Your opposition should be submitted in the form of a Memorandum of Law in Opposition to the Motion to Dismiss. Your Memorandum of Law should cite to specific parts of your complaint and may include any relevant law, including case law, that responds to the arguments raised in the motion.

One of the common grounds on which a motion to dismiss is filed is that the complaint fails to state a claim. If you are able to do so, you should identify facts in your complaint that allege a legal claim against each defendant. If you need to add facts to your complaint to oppose the motion to dismiss, it is helpful to describe the additional facts in a proposed amended complaint and give the Court that document with the Memorandum of Law. For more information, review the handout "How to Amend Your Complaint."

## HOW TO OPPOSE A MOTION FOR SUMMARY JUDGMENT

In a motion for summary judgment, the defendant argues that the Judge should decide the case without a trial because the undisputed facts, or even the facts as they are alleged by the plaintiff, show that the plaintiff is not entitled to a verdict in the plaintiff's favor. See Fed. R. Civ. P. 56. To survive a motion for summary judgment, you need to identify evidence that demonstrates that there exist disputes over important facts and therefore a trial is needed.

A defendant's motion for summary judgment will include a Memorandum of Law and a Local Civil Rule 56.1 Statement ("56.1 Statement"). In the 56.1 Statement, the defendant will

list, in individually numbered paragraphs, important facts that the defendant contends are not in dispute or that the Court can accept as true.  The defendant must cite to evidence — deposition testimony, witness affidavits or documents — to support each claim of an undisputed fact.

When a plaintiff opposes a motion for summary judgment, the plaintiff must respond to the 56.1 Statement by agreeing or disagreeing with each individually numbered statement of fact.  As the plaintiff, if you agree with the statement, you may just write "agree" as to the particular numbered paragraph.  If you disagree with the statement of fact, you must identify evidence that supports your version of the facts.  You may cite to your own statement (a sworn Affidavit or a Declaration under penalty of perjury), deposition testimony, witness affidavits or documents as evidence to demonstrate that you believe there is a dispute concerning that statement of fact.  All of this evidence must be submitted to the Court.  You may do this by filing a sworn Affidavit or a Declaration signed under penalty of perjury, to which each piece of evidence is attached as a separate exhibit.

For example, if the Defendant states: "1.  The light was green when defendant entered the intersection," the plaintiff can either write: "1.  Agree." or "1.  Disagree.  The light was red when the defendant entered the intersection.  See Police Accident Report, attached as Exhibit A."

In addition to responding to defendant's 56.1 Statement, you may file a Memorandum of Law in Opposition to the Summary Judgment Motion that briefly summarizes your version of the facts (with reference to the evidence) and describes material facts that you believe the parties disagree about.  Your Memorandum of Law may also include any relevant law, including case law, that demonstrates why your case should proceed to trial.

## PROCEDURE FOR OPPOSING MOTIONS

You must serve your opposition papers on defendants' counsel *before* you file the original papers with the Court.  When you file the original papers with the Court, you must include an Affidavit of Service or other statement affirming that you sent copies to defendants' counsel, unless that party has agreed in writing to accept electronic service through the Court's Electronic Case Filing ("ECF") system.  If you are not relying on electronic service, you may serve your opposition papers by mail.

Unless otherwise ordered by the Judge or provided by the Judge's Individual Practices, an opposition to most motions, including a motion to dismiss or a motion for summary judgment, must be filed within *fourteen (14) calendar days after service* of the motion papers (plus three (3) days if you were served by mail).  See Fed. R. Civ. P. 6, Local Civil Rule 6.1 and 6.4.  If you need additional time to meet a motion deadline, you should ask your adversary for an extension of time.  If your adversary agrees, you and your adversary can submit the agreement to the Judge and ask for the Court to approve the parties' agreement.  If your adversary does not agree, you may write a letter to the Judge asking for an extension and send a copy of the letter to the other parties.

After you file your opposition, the party who made the motion may file a **reply**.  You cannot "oppose" or respond to reply papers.  The Judge will rule on the motion once the motion papers, the opposition papers and any reply papers are filed.  Sometimes the Judge will also hear **oral argument**, but the motion is often decided solely on the motion papers.

2