```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/21/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
:
SHEON ARNOLD,                                :
:
                     Plaintiff,         :    1:24-cv-4814-GHW-SN
:
        -v-                           :    <u>ORDER</u>
:
LOUIS DEJOY, *et al.*,                       :
:
                     Defendants.   :
:
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On August 5, 2025, Magistrate Judge Sarah Netburn issued a Report and Recommendation on Defendants' pending motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure and for partial summary judgment pursuant to Rule 56 (the "R&R") recommending that the Court grant Defendant's motion. Dkt. No. 55 (R&R). In that R&R, Judge Netburn concluded that: (1) summary judgment is appropriate on all but three of Plaintiff's Title VII employment discrimination claims because Plaintiff only applied for 61 of the 98 listed positions and because for 58 of the 61 job postings which Plaintiff did actually apply to, he failed to exhaust his administrative remedies within the requisite time period; (2) Plaintiff's discrimination claims under Title VII should be dismissed for failure to state a claim because he failed to allege any direct evidence of discrimination; (3) Plaintiff's claims under the New York state laws, 42 U.S.C. § 1981, and § 1983 should be dismissed because those laws are not applicable to federal employers; and (4) Plaintiff's remaining claims should be dismissed because the cited statutes do not have a private right of action. *See generally id.*

      A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.; see also* Fed. R. Civ. P. 72(b)(2); R&R at 23 ("The parties shall have 14 days from the service of this R&R to file written objections under 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."). The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the fourteen-day window. The Court has reviewed the R&R for clear error and finds none. *See Braunstein v. Barber*, No. 06 Civ. 5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) (explaining that a "district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record"). Therefore, the Court accepts and adopts the R&R in its entirety.

For the reasons articulated in the R&R, Defendants' motions to dismiss is GRANTED in its entirety. Plaintiff's claims under § 1981, § 1983, and under New York state law are dismissed with prejudice, without leave to amend. Plaintiff's claims under the Veterans' Preference Act, the Vietnam Era Veterans' Readjustment Assistance Act, the Jobs for Veterans Act, the Civil Service Reform Act, and Executive Order 11521 are dismissed with prejudice, without leave to amend. Further, Defendants' motion for partial summary judgment is GRANTED as to Plaintiff's unexhausted Title VII claims (as to the 58 job postings), with prejudice, without leave to amend. Plaintiff's Title VII claim (as to the three remaining job postings) are dismissed without prejudice, with leave to amend.

Any Amended Complaint must be filed within 30 days from the date of this order. If

Plaintiff does not file an Amended Complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment for Defendants and to dismiss this action. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and to terminate the motion pending at Dkt. No. 32. The Clerk of Court is further directed to enter judgment in favor of Defendants as to Plaintiff's unexhausted Title VII claims.

SO ORDERED.

Dated: August 21, 2025

GREGORY H. WOODS
United States District Judge