UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

SHEON ARNOLD,

                            **Plaintiff,**

       -against-

LOUIS DEJOY, et al.,

                            **Defendants.**

-----------------------------------------------------------------X

24-CV-04814 (GHW)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

On August 26, 2025, *pro se* Plaintiff Sheon Arnold filed a Complaint of Judicial Misconduct and Disability. ECF No. 61. Plaintiff's Complaint alleges that "too many extensions" were granted in his case and that these extensions "question[] motive" and "caused both unnecessary and unreasonable delay[s]." Id. Although Plaintiff did not expressly move for recusal, this Court will treat his Complaint of Judicial Misconduct and Disability as a motion for recusal "in an attempt to read into Plaintiff's submission[] 'the strongest arguments that they suggest . . . .'" Flemming v. City of New York, No. 02-cv-06613 (SLT)(LB), 2006 WL 898081, at *6 (E.D.N.Y. Mar. 31, 2006) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir.2000)).

The disqualification of a federal Magistrate Judge is governed by 28 U.S.C. § 455. Under Section 455(a), a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Further, Section 455(b) addresses recusal based on "personal bias or prejudice" regarding a party in the litigation. Id. at § 455(b)(1). The standard for recusal pursuant to 28 U.S.C. § 455 is whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be

done absent recusal[.]" United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). "Recusal is not the norm, and 'there exists a strong presumption of a judge's impartiality which may only be overcome by adequate proof to the contrary.'" Freeman v. Deebs-Elkenaney, No. 22-cv-02435 (LLS)(SN), 2023 WL 4409474, at *1 (S.D.N.Y. June 29, 2023) (quoting Wiltshire v. Williams, 10-cv-06947 (RWS), 2012 WL 899383, at *6 (S.D.N.Y. Mar. 16, 2012)). The burden is on the moving party to "overcome a presumption of impartiality, and the burden for doing so is substantial." Da Silva Moore v. Publicis Groupe, 868 F. Supp. 2d 137, 150 (S.D.N.Y. 2012) (citation and internal quotation marks omitted). If the standards for recusal are not met, "disqualification is not optional; rather, it is prohibited." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001).

Plaintiff specifically points to this Court granting filing deadline extensions as the basis of his complaint. However, Plaintiff's claim of judicial misconduct is unwarranted given the limited number of extensions that were granted in his case and the fact that extensions were granted for both parties. Over the course of a year, this Court granted a total of five extensions. ECF Nos. 19, 21, 31, 47, and 52. Four of the extensions were in response to requests made by Defendants, each of which involved requests for additional time that did not exceed more than 30 days. See ECF Nos. 19, 21, 31, and 52. After the last extension was granted, Defendants were advised that no further extensions would be granted. See ECF No. 52. This Court similarly showed leniency with Plaintiff's filing deadlines. On February 12, 2025, Plaintiff requested an extension of time to file his opposition to Defendants' motion to dismiss and for summary judgment. ECF No. 46. This Court granted Plaintiff's request and provided him with approximately five weeks of additional time to file his opposition. ECF No. 47. Even when

Plaintiff missed his extended deadline to file his opposition, this Court still accepted Plaintiff's opposition brief, despite it being filed almost two weeks after the extended deadline. See ECF No. 50. Such accommodations reflect no actual or perceived bias or partiality against Plaintiff.

Further, courts in this circuit have repeatedly found that a judge's ruling regarding scheduling is generally not considered a valid reason for recusal. See, e.g., Delgado v. Donald J. Trump for President, Inc., No. 19-cv-11764 (AT)(KHP), 2024 WL 1077820, at *3 (S.D.N.Y. Feb. 5, 2024) (quoting Liteky v. United States, 510 U.S. 540, 555 (1994)) ("[T]he Court's decisions regarding scheduling are not evidence of bias [], and certainly not a basis for recusal, which requires that rulings or remarks 'display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"); Bernheim v. Elia, No. 05-cv-00118 (RJA), 2009 WL 2448541, at *3 (W.D.N.Y. Aug. 7, 2009) (rejecting defendants' argument that granting filing extensions to the opposing party constitutes bias). Plaintiff's disagreement with this Court's decisions in his case is similarly not a legitimate basis for recusal. See Gomez v. Ercole, No. 11-cv-06844 (CM)(JLC), 2013 WL 5548844, at *3 (S.D.N.Y. Oct. 7, 2013) (quoting Jordan v. Verizon Corp., 391 F. App'x 10, 13 (2d Cir. 2010)) ("As a threshold matter, a litigant's disagreement with a judge's rulings 'almost never constitutes a valid basis for a bias or partiality motion.'").

This Court harbors no personal bias or prejudice concerning Plaintiff. Nor does Plaintiff offer any explanation as to why this Court's impartiality might reasonably be questioned. The Court of Appeals for the Second Circuit has explained that "'[a] judge is as much obliged not to recuse himself when it is not called for as he is obligated to when it is.'" In re Literary Works in Elec. Databases Copyright Litig., 509 F.3d 136, 140 (2d Cir. 2007) (quoting In re Drexel

Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988)). Accordingly, Plaintiff's motion is denied.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 16, 2025
         New York, New York

4